IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CIVIL ACTION FILE NO. 3:17-cv-00740-FDW-DSC

| | | |
|---|---|---|
| DAVID A. JOHNSON and ALDA, INC., | ) ) | |
| Plaintiffs | ) ) | PROTECTIVE ORDER |
| v. | ) ) | |
| ITALIAN SHOEMAKERS, INC., | ) | |
| Defendant | | |

**THIS MATTER** is before the Court following a telephonic discovery conference and review of each party's proposed Protective Order.

To facilitate the production and receipt of information during discovery in this lawsuit, the Court enters this Protective Order for the protection of confidential and other commercial information (collectively referred to as "Confidential Information") that may be produced or otherwise disclosed during the course of this lawsuit.

Accordingly, pursuant to Rule 26 of the Federal Rules of Civil Procedure and Rule 502 (d) of the Federal Rules of Evidence, it is hereby ORDERED as follows:

1.  After carefully reviewing materials to segregate non-confidential from Confidential Information, a party (or a third party producing documents or providing deposition testimony) may designate any deposition testimony, information, materials or documents produced or furnished by that person pursuant to discovery or otherwise during the course of this litigation as "CONFIDENTIAL."

(a) The designation of any material as CONFIDENTIAL shall constitute a representation by the party and its counsel that they, in good faith, believe that:

(i) the material so designated contains or constitutes at the time of the designation: (1) trade secrets or other information of a non-public nature considered by the producing party or person to be commercially or personally sensitive, confidential and/or proprietary; or (2) other sensitive or proprietary research, analysis, development, marketing, financial or commercial information, including information likely to be deemed sensitive by a non-party; and

(ii) the entry of a protective order is necessary to protect the producing party from disclosure to anyone other than those persons identified in Paragraph 4 below in order to avoid unreasonable annoyance, embarrassment, oppression, or undue burden or expense as provided in Rule 26(c).

Any designations made pursuant to this paragraph are to be reasonably limited both in subject matter and in time.

2. Any document or portion of a transcript, whether an original or copy, including any exhibits, answers to interrogatories and other written discovery responses, as well as physical objects, recordings or things that any party deems to contain CONFIDENTIAL information as defined in paragraph 1 above shall be so designated by such party by stamping the legend CONFIDENTIAL on each page of such document or by otherwise conspicuously indicating the appropriate designation

on such physical object prior to production. In lieu of marking the appropriate notation on the originals of documents, the party may mark the copies that are produced. All Confidential Information not reduced to documentary, tangible or physical form, or which cannot be conveniently labeled, shall be so designated by informing the recipients in writing that the information constitutes Confidential Information and providing the appropriate designation.

3. Any Confidential Information designated as CONFIDENTIAL shall not be publicly disclosed, discussed, or disseminated directly or indirectly by any person or entity with knowledge of this Protective Order except in accordance with the terms of this Protective Order. Confidential Information may be used only for the prosecution or defense of the above-captioned action and not for any other pending or threatened litigation, or any other business or other purpose whatsoever, unless obtained through subpoena or document demand in another proceeding before a court of competent jurisdiction, or by summons or subpoena from any federal or state governmental agency or body. Except as expressly permitted herein or by further order of this Court, all Confidential Information shall be maintained and kept by the other parties in this case in a manner consistent both with maintaining the confidentiality of the information and the intent of this Order. Confidential Information shall not be given, shown, disclosed, disseminated or described, directly or indirectly, to any person(s) other than those set forth in paragraph 4 hereof.

4. The following persons shall be the only persons permitted to have access to information designated as CONFIDENTIAL, and such access shall be permitted subject to the limitations set forth below:

(a) Each counsel of record for a party in this case, including outside and in-house lawyers, and such lawyers' staff to whom it is necessary that materials be disclosed for purposes of this litigation, including secretaries, paralegals and document clerks.

(b) Each party, and any current or former director, officer, employee or agent of a party who is requested by that party or any of its attorneys to work on or potentially testify at deposition or trial in this action or who requires the information to assist in or evaluate this action, provided they are advised of and bound by the provisions of this Protective Order;

(c) Independent experts or consultants retained by counsel for the purpose of assisting in this litigation, including their staff to whom it is necessary that materials be disclosed for purposes of this litigation, but only to the extent necessary for such expert or consultant to perform his assigned tasks in connection with this litigation;

(d) Any non-party witness in this litigation, and his or her counsel, may be provided with a copy of any document(s) produced by others and designated as CONFIDENTIAL for their review in preparation for or during their deposition or in preparation for their testimony at trial or a hearing in this litigation (if the witness or his or her counsel takes notes concerning the substance of the

document(s) necessary to the witness's truthful testimony under oath, that upon completion of the testimony of the witness, all such notes, in whatever form or format, shall be returned to counsel for the supplying party);

   (e)  The author of the document, any person identified as a recipient of the document on its face, or any person who actually received it;

   (f)  The individual taking, reporting or videotaping a deposition and employees of such officer to the extent necessary to prepare the transcript of the deposition;

   (g)  Mediators and their staffs enlisted by all parties to assist in the resolution of this matter;

   (h)  Outside commercial copying services; and

   (i)  The Court and its personnel.

 5. All persons receiving any Confidential Information under paragraphs 4(b), 4(c), 4(d) and 4(f) above shall be required to sign an Acknowledgment that reflects their commitment to preserve the confidentiality of all information so designated, which Acknowledgment shall be on the form annexed hereto. Counsel for each party shall maintain copies of all Acknowledgments executed by those who have access to Confidential Information pursuant to this paragraph 5.

 6. A party may designate those portions of the transcript of a deposition that refer to matters deemed Confidential Information pursuant to paragraph 1 above by indicating on the record at the deposition that the testimony contains or reflects such Confidential Information and by providing the appropriate

designation. A party may also designate portions of the transcript of a deposition as Confidential Information by notifying all parties in writing, within thirty days of receipt of the transcript of the specific pages and lines of the transcript which are confidential and by and by providing the appropriate designation. Each party shall attach a copy of such written statement to the back of the transcript and each copy thereof in his possession, custody or control. In order to afford time for designations to be made, the entire transcript of each deposition shall be treated as CONFIDENTIAL for a period of fifteen days after a full and complete transcription of such deposition is available.

7. Any party may introduce any Confidential Information into evidence in connection with any proceeding in this litigation, including motion papers, affidavits, briefs, other papers and depositions filed with the Court or at any deposition, or hearing, conference, or trial before the Court, subject to the condition that the party introducing any such information designated CONFIDENTIAL shall conform to Local Rule 6.1 or any other order entered by this Court regarding the filing of materials under seal.

Each time a party seeks to file under seal, said party shall accompany the request with a motion to seal and, before filing any such motion to seal, shall confer with the opposing party to determine whether the party making the designation will agree to remove the designation for purposes of facilitating the filing. The motion to seal may be filed without a supporting memorandum only if the filing party can cite a statute or rule (federal, local or standing order) that requires the

filing to be sealed. Absent such authority, the filing party must submit a supporting memorandum that specifies:

 (a) the exact document or item, or portions thereof, for which filing under seal is requested;

 (b) how such request to seal overcomes the common law or the First Amendment presumption to access;

 (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interest in access;

 (d) the reasons why alternatives to sealing are inadequate; and

 (e) whether there is consent to the motion.

In addition to the motion and supporting memorandum, the filing party must set out such findings in a proposed order to seal, which should be submitted in accordance with Section II of the Court's Administrative Procedures Governing Filing and Service by Electronic Means. If a party which designated a document or information CONFIDENTIAL files a document without filing a motion to seal, the designation shall be deemed waived and the document or information will be deemed not confidential and not subject to the provisions of this Protective Order. If a party which did not designate a document or information CONFIDENTIAL seeks to file or present evidence so designated by another party, then the party seeking to file or present such evidence will file the document with a motion to seal pursuant to the provisions of Local Rule 6.1 and will bear the burden of establishing that the

document or information is not CONFIDENTIAL and should not subject to the provisions of this Protective Order.

8. In the event that a party inadvertently fails to stamp or otherwise designate a document or other information as Confidential Information at the time of its production, that party may thereafter stamp or otherwise designate the document or other information as Confidential Information provided that the party gives prompt, written notice of the desired designation to all parties after discovery of any failure to designate. The party receiving such subsequent designation shall immediately give notice thereof to each person, if any, to whom the previously undesignated document or other information was in the interim disclosed, shall diligently attempt to retrieve all copies of the documents or information distributed to persons other than those persons identified in paragraph 4 above, and thereafter such document or information shall be subject to the provisions of this Protective Order and shall be treated as so designated from the date written notice of the designation is provided to the other party.

9. Any inadvertent or unintentional disclosure by the supplying party of documents or information protected from disclosure by the attorney-client privilege or the attorney work-product doctrine, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, attorney-client or work-product privileges, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter, provided that the supplying party has given notification to the persons or entities to which

disclosure was made with reasonable promptness after it learns of such inadvertent or unintentional disclosure. Upon receiving such notification:

    (a) any parties that have received such information shall, going forward, comply with the requirements of this Order concerning such information (including the requirements of paragraph 8 regarding attempting to retrieve Confidential Information in the hands or under the control of third parties).

    (b) any parties that have received copies of any inadvertently produced document or information subject to a claim of privilege or immunity shall, either (i) treat the document as privileged and, to the extent reasonably feasible, promptly return it to the supplying party and, to the extent possible, make reasonable efforts to destroy or delete any other copies thereof (including electronic copies) or (ii) promptly notify the party claiming privilege or immunity that the party receiving the document or information disagrees with the claim and provide the party asserting the claim with an opportunity to file within ten days an appropriate motion seeking relief from the Court and treating such documents or information as privileged during this ten days and, if such a motion is filed, until the Court resolves the motion.

10. Unless required to maintain the document by subpoena, summons, or other similar process, within sixty days after the final conclusion of this action, including all appeals:

    (a) Except as noted hereinafter for an archival copy, the receiving party shall destroy all originals and copies of each document or object that

another party has designated as Confidential Information (including both paper and electronic versions), and shall provide the designating party with written confirmation of such destruction; or

        (b)    In the alternative, except as noted hereinafter for an archival copy, the receiving party may either return all originals and copies of each document or object that another party has designated as Confidential Information to the designating party and destroy all electronic copies of such materials, and provide the designating party with an affidavit confirming that all Confidential Information (including both paper and electronic versions) has been returned and/or destroyed.

Notwithstanding anything in this paragraph to the contrary, each party may retain an archival copy of Confidential Information, providing that such information is retained with the appropriate designation and providing that any such archival copy shall remain subject to this Protective Order.

If required to maintain any documents or electronically stored materials after the conclusion of this action by subpoena, summons, or other similar process, the receiving party may maintain such document without use or reference thereto, provided that such receiving party must return or destroy it and any copies of it when no longer subject to subpoenas, summons, or the like from third parties and governmental entities, or when it is otherwise permissible to return or destroy the same.

The provisions of this Order restricting the communication or use of Confidential Information shall survive the conclusion of this Action unless otherwise agreed in writing by the parties.

11. Any court reporter, transcriber or videographer who reports, transcribes or records testimony in this action at a deposition shall be informed by counsel, through a statement on the record, before recording or transcribing any testimony by a witness, that all testimony and information revealed at the deposition and pertaining to a document that has been designated as Confidential Information pursuant to this Order is and shall remain confidential and shall not be disclosed by such reporter, transcriber or videographer except to the attorneys for each party and any other person who is present while such testimony is being given, and that all copies of any transcript, reporter's notes videotape or any other transcription records of any such testimony shall be retained in confidentiality and safekeeping by such reporter, transcriber or videographer or shall be delivered to the undersigned attorneys.

12. A party shall not be obligated to challenge the propriety of a Confidential Information designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of Confidential Information, the parties shall try first to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party applying the designation Confidential Information shall have the burden of applying to the Court

for an order deeming the information to be Confidential Information as defined in paragraph 1 above. Such application must be made within ten days of written notice from the challenging party that the parties have reached an impasse regarding designation of the document(s) in question. Any information designated as CONFIDENTIAL shall remain subject to the terms of this Order during the resolution of any dispute pursuant to this paragraph.

       13. Nothing shall prevent disclosures beyond the terms of this Protective Order: (a) by the party that designated the information as Confidential Information, (b) if the party that designated the information as Confidential Information consents to such disclosure, or (c) if the Court, after notice to all affected parties, enters an order permitting such disclosure.

       14. This Protective Order shall not be construed to prevent any person, including those persons identified in paragraph 4 above, from making use of documents or information (a) lawfully in his or her possession prior to receipt from the supplying party and not otherwise subject to any obligation of confidentiality, (b) available in any published material available to the general public, without fault of the disclosing party, (c) obtained from a source or sources not under an obligation of confidentiality to the other party or parties, without fault of the disclosing party, (d) obtained lawfully and independently of any proceedings in this action, or (e) exempted from the operation of this Protective Order by written consent of the party producing such Confidential Information.

15. If, in another action or proceeding, any person possessing Confidential Information receives or has received a subpoena, summons, or document demand which seeks Confidential Information, the person receiving the subpoena or document demand (a) shall, to the extent not prohibited by law, give written notice by email within two business days of the receipt of such subpoena or demand to undersigned counsel for the party or parties that produced and/or designated the Confidential Information, and (b) shall, to the extent not prohibited by law, withhold production of the subpoenaed material until any dispute relating to the production of such material is resolved.

16. Nothing in this Order shall prevent any person or entity from disclosing or providing any Confidential Information pursuant to an administrative order, demand, summons, subpoena or other request from any federal or state agency or grand jury, and the notification and withholding procedures set forth above shall not apply in the case of any such request.

17. Nothing in this Order shall prevent any producing party from seeking additional protection regarding the production, use or disclosure of Confidential Information in connection with any hearing or other proceeding in this lawsuit. Nothing in this Order shall prevent any party from opposing the production of any information for reasons other than confidentiality.

**SO ORDERED.**   Signed: May 10, 2018

_____
David S. Cayer
United States Magistrate Judge

## ACKNOWLEDGMENT

The undersigned has been provided with a copy of the foregoing Protective Order entered in the case captioned *David A. Johnson and Alda, Inc. v. Italian Shoemakers, Inc.,* Civil Action No. 3:17-cv-00740-FDW-DSC; has had an opportunity to review the Protective Order; and is fully familiar with all of the terms of the Protective Order. By executing this Acknowledgment, the undersigned agrees to be bound by the terms of the Protective Order.

Signature: _____

Print Name: _____

Address: _____

_____

_____

Date Signed: _____