IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION FILE NO. 3:17-CV-00740-FDW-DSC

DAVID A. JOHNSON and ALDA, INC.,   )
                                    )
            Plaintiffs,             )
                                    )
        v.                          )
                                    )
ITALIAN SHOEMAKERS, INC.,           )
                                    )
            Defendant.               )
                                    )

**ORDER**

**THIS MATTER** is before the Court on Defendant's "Motion to Compel" (document #11) and the parties' briefs and exhibits.

Following a call from defense counsel, the Court scheduled a telephonic discovery conference. After reviewing the parties' written submissions, the Court <u>ordered</u> further briefing. <u>See</u> Minute Order entered July 30, 2018 (Defendant to file its Motion to Compel and brief in support by August 2, 2018; Plaintiffs to file their response brief by August 6, 2018; and allowing no reply briefs).

The Court has carefully reviewed the parties' arguments, authorities and the record.

Defendant seeks to compel further responses to its First Set of Interrogatories and Requests for Production of Documents.[1] Specifically, Defendant seeks complete supplemental responses to Interrogatories No. 8, 14, and 15, and Requests for Production No. 9, 10, 11, 12, 14, 15, 17, 18, 19

---

[1] Defendant has raised concerns about having sufficient time to review Plaintiff's responses prior to the dispositive motions deadline. <u>See</u> "Motion to Modify Case Management Order" (document #14). The Court notes that while the Pretrial Order and Case Management Plan (document #7) was entered on January 26, 2018, Defendant waited until May 31, 2018 – less than six weeks prior to the discovery deadline - to serve its discovery requests. <u>See</u> "Motion to Compel" at 2 (document #11).

and 22. Defendant also seeks an order compelling Plaintiffs to produce all responsive documents as they are kept in the usual course of business or by labeling each document to correspond with the applicable request.

Plaintiffs objected on relevance grounds to Interrogatories 8, 14, 15 and Requests for Production 9, 10, 11, 12, 14, 15, and 22. Although Plaintiffs indicated that documents responsive to Requests for Production 17, 18, and 19 would be forthcoming, they have not been produced. In their brief, Plaintiffs argue that Defendant is not entitled to this discovery because it relates to Plaintiff Johnson's competition with Defendant which is not at issue. Johnson testified at his deposition that he did not compete with Defendant any time prior to his resignation and that he attempted to return all samples in his possession. Johnson testified that he signed a confidentiality agreement, but Plaintiffs argue that it is unenforceable due to lack of consideration. They also argue that neither the confidentiality agreement nor any other agreement restricting Johnson's ability to compete with Defendant is "at issue" or "in the record." See Plaintiffs' "Response …" (document #15).

For the reasons stated in Defendant's brief, the Court finds that Interrogatories No. 8, 14, and 15, and Requests for Production No. 9, 10, 11, 12, 14, 15, 17, 18, 19 and 22 seek discovery related to Plaintiffs' breach of contract claim, as well as Defendant's equitable estoppel and unclean hands defenses.

Plaintiffs have produced a flash drive consisting primarily of emails converted to PDF. These emails (i) were arranged alphabetically by subject line (not chronologically); (ii) were not produced in native format which would allow Defendant to reorganize them in chronological order; (iii) contained no other metadata; (iv) failed to include a reference to the applicable discovery request; and (v) failed to include the emails' attachments. Plaintiffs estimate that they have produced 6,000 pages of documents, but they have not indicated where the attachments are or which email pertains to which request. After counsel met and conferred on this issue, Plaintiff produced two more flash drives but

the supplemental production contained those same deficiencies. In their brief, Plaintiffs represent that they are again attempting to produce the documents in appropriate format.

For the reasons stated in Defendant's brief, the Court finds that Plaintiffs have not produced these documents as required by Chief Judge Whitney's "Standing Order on Protocol for Discovery of Electronically Stored Information …" Misc. No. 3:07MC47 ¶11(D) (W.D.N.C. May 14, 2007) ("[i]f a Producing Party produces ESI without some or all of the Meta-Data that was contained in the ESI, the Producing Party should inform all other parties of this fact, in writing, at or before the time of production"). See also E.E.O.C. v. Altec Indus., Inc., 2012 WL 2295621, at *2 (W.D.N.C. June 18, 2012) (producing party "bears the burden of demonstrating" that responsive documents were produced either as kept in the usual course of business or organized to correspond to discovery requests).

For those reasons, as well as the other reasons stated in Defendant's brief, its Motion to Compel is granted in part and denied in part.

**NOW THERFORE IT IS ORDERED**:

1. Defendant's "Motion to Compel" (document #11) is **GRANTED IN PART** and **DENIED IN PART**, specifically:

    A. Plaintiffs' objections to Interrogatories No. 8, 14, and 15, and Requests for Production No. 9, 10, 11, 12, 14, 15, 17, 18, 19 and 22 are **OVERRULED**. Plaintiffs shall produce complete responses without objection to each of these discovery requests.

    B. Plaintiffs shall produce all responsive documents in the manner in which they are maintained in the usual course of business or by labeling each document to correspond with the applicable request. If Plaintiffs contend that responsive documents have been so produced, they shall aver their compliance in a verified discovery response.

    C. Within five days of this Order, Plaintiffs shall produce all discovery responses **ORDERED** above.

D. The parties will bear their own costs at this time.

2. The Clerk is directed to send copies of this Order to the parties' counsel <u>and to the Honorable Frank D. Whitney.</u>

    **SO ORDERED**.

Signed: August 9, 2018

*[signature]*

David S. Cayer
United States Magistrate Judge