IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION FILE NO. 3:17-CV-00740-FDW-DSC

| | |
|---|---|
| DAVID A. JOHNSON and ALDA INC., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| ITALIAN SHOEMAKERS INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM AND RECOMMENDATION

**THIS MATTER** is before the Court on "Defendant Italian Shoemakers, Inc.'s Motion for Sanctions For Failure to Comply With Court Order" (document #20). Plaintiffs have not responded to the Motion and the time for filing a response has expired.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and this Motion is now ripe for the Court's consideration.

The Court has carefully reviewed the parties' submissions, as well as the record and authorities. For the reasons stated in Defendant's briefs, the Court respectfully recommends that the Motion be **GRANTED** and sanctions imposed as discussed below.

Following a call from defense counsel, the Court initially scheduled a telephonic discovery conference. After reviewing the parties' written submissions, the Court ordered further briefing. See Minute Order entered July 30, 2018 (Defendant to file its Motion to Compel and brief in support by August 2, 2018; Plaintiffs to file their response brief by August 6, 2018).

On August 9, 2018, this Court granted Defendant's Motion to Compel. See "Order" (document #17). Specifically, the Court ordered that:

> Defendant's "Motion to Compel" (document #11) is **GRANTED IN PART** and **DENIED IN PART**, specifically:
> A. Plaintiffs' objections to Interrogatories No. 8, 14, and 15, and Requests for Production No. 9, 10, 11, 12, 14, 15, 17, 18, 19 and 22 are **OVERRULED**. Plaintiffs shall produce complete responses without objection to each of these discovery requests.
> B. <u>Plaintiffs shall produce all responsive documents in the manner in which they are maintained in the usual course of business or by labeling each document to correspond with the applicable request.</u>  If Plaintiffs contend that responsive documents have been so produced, they shall aver their compliance in a verified discovery response.
> C. Within five days of this Order, Plaintiffs shall produce all discovery responses **ORDERED** above.

Document #17 at 3 (emphasis added).

For the reasons stated in Defendant's brief, the Court finds that Plaintiffs have not produced these documents as required by this Court's August 9, 2018 Order and Chief Judge Whitney's "Standing Order on Protocol for Discovery of Electronically Stored Information …"  Misc. No. 3:07MC47 ¶11(D) (W.D.N.C. May 14, 2007) ("[i]f a Producing Party produces ESI without some or all of the Meta-Data that was contained in the ESI, the Producing Party should inform all other parties of this fact, in writing, at or before the time of production"). <u>See also</u> <u>E.E.O.C. v. Altec Indus., Inc.</u>, 2012 WL 2295621, at *2 (W.D.N.C. June 18, 2012) (producing party "bears the burden of demonstrating" that responsive documents were produced as kept in the usual course of business or organized to correspond with discovery requests).

Defendant seeks sanctions under Rule 37(b)(2) as well as pursuant to the Court's inherent powers. <u>See</u> Fed. R. Civ. P. 37(b)(2) (sanctions for failing to obey a discovery order); <u>Chambers v. NASCO</u>, Inc., 501 U.S. 32, 43 (1991) (court's inherent powers).  Plaintiffs' continued failure to correct these known deficiencies raises an issue of bad faith.  Sanctions are appropriate for violations of Judge Whitney's Standing Order as well as this Court's Order compelling discovery responses (document #17).  <u>See</u> <u>Rabb v. Amatex Corp.</u>, 769 F.2d 996, 999 (4th Cir. 1985) (Rule

2

37(b) sanctions apply to orders compelling discovery responses and "any order to provide or permit discovery" including pretrial orders).

## RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendant Italian Shoemakers, Inc.'s Motion for Sanctions For Failure to Comply With Court Order" (document #20) be **GRANTED** and that sanctions be imposed as determined by the District Judge.

## NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. § 636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Order to the parties' counsel <u>and to the Honorable Frank D. Whitney.</u>

**SO RECOMMENDED AND ORDERED**.

Signed: September 10, 2018

_____
David S. Cayer
United States Magistrate Judge