UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cv-00740-FDW-DSC

| DAVID A. JOHNSON and ALDA, INC., | ) | |
|---|---|---|
| Plaintiffs, | ) | |
| vs. | ) | ORDER |
| ITALIAN SHOEMAKERS, INC., | ) | |
| Defendant. | ) | |

THIS MATTER is before the Court on review of a Memorandum and Recommendation issued in this matter. In the Memorandum and Recommendation, the magistrate judge recommended that this Court grant sanctions against Plaintiffs and advised the parties of the right to file objections within 14 days, all in accordance with 28, United States Code, Section 636(b)(1)(c). Objections by Plaintiffs have been filed within the time allowed and Defendant has timely filed a Reply.

FINDINGS AND CONCLUSIONS

I. Applicable Standard

The Federal Magistrates Act of 1979, as amended, provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Similarly, de novo review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific

1

error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the Court has conducted a careful review of the magistrate judge's recommendation.

II. Discussion

In his Memorandum and Recommendation, Judge Cayer determined that Plaintiffs disobeyed their Order (Doc. No. 17), which granted in part and denied in part Defendant's Motion to Compel (Doc. No. 11) and directed Plaintiffs to (1) produce complete responses without objection to Requests for Production No. 9, 10, 11, 12, 14, 15, 17, 18, 19, and 22, and (2) produce all responsive documents in the manner in which they are maintained in the usual course of business or by labeling each document to correspond with the applicable request. (See Doc. No. 24 at 2). In recommending sanctions, Judge Cayer determined that Plaintiffs had not produced the requested documents as required by the Court's August 9, 2018 Order and Chief Judge Whitney's Standing Order. Id. Ultimately, Judge Cayer left determination of an appropriate sanction to this Court. Id.

A. Plaintiffs' Objections to the M&R[1]

Plaintiffs object to Judge Cayer's findings that (1) Plaintiffs did not produce all responsive documents to the requests at issue in the Court's August 9, 2018 Order; (2) Plaintiffs did not produce the documents in the manner in which they are maintained in the usual course of business

---

[1] The Court notes that Plaintiffs also contested the deadline set by this Court. However, Plaintiffs' disagreement with this Court's ruling does not negate Plaintiffs' obligation to comply with this Court's Order.

2

or by labeling each document to correspond to the applicable request; and (3) Plaintiffs' continued failure to correct these known deficiencies raises an issue of bad faith.[2]

To satisfy the requirements of production of electronically stored information ("ESI") under Rule 34 of the Federal Rules of Civil Procedure, a party is required to (1) "produce documents as they are kept in the usual course of business or must label them to correspond to the categories in the requests," Fed. R. Civ. P. 34(b)(2)(E)(i), and (2) produce documents, if a request does not specify a form of producing ESI, "in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms," Fed. R. Civ. P. 34(b)(2)(E)(ii).

As to the first requirement, a producing party need not organize and label documents kept in the usual course of business, because a business presumably would keep its documents organized "in a way that maximizes their usefulness in the day-to-day operations of the business." T.N. Taube Corp. v. Marine Midland Mortgage Corp., 136 F.R.D. 449, 456 (W.D.N.C. 1991). However, a party who opts to produce documents as maintained in the usual course of business "bears the burden of demonstrating that the documents were produced in this manner." E.E.O.C. v. Altec Indus., Inc., No. 1:10-cv-216, 2012 WL 2295621, at *2 (W.D.N.C. June 18, 2012).

As to the second requirement, a party satisfies it obligations under Rule 34 when the party provides documents that are searchable and/or sortable by metadata fields. See Spilker v. Medtronic, Inc., No. 4:13-cv-76-H, 2015 WL 1643258, at *5 (E.D.N.C. April 13, 2015) (finding that the party satisfied the requirements of document production by providing "fully searchable documents, sortable by metadata fields, in a folder structure organized by custodian"); Lutzeier v.

---

[2] The Court declines to make a finding of bad faith because the Court denies Defendant's request to impose dismissal. See Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc., 872 F.2d 88, 92 (4th Cir. 1989) (holding that when considering whether to impose the sanction of default judgment or dismissal, a court shall apply a four-part test that evaluates: "(1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.").

3

Citigroup Inc., No. 4:14-cv-00183–RLW, 2015 WL 430196, at *8 (E.D.Mo. Feb. 2, 2015) (finding that production complied with Rule 34 where it was "in a reasonably usable form or forms and/or the production is searchable, sortable and paired with relevant metadata"); but see Indep. Mktg. Grp., Inc. v. Keen, No. 3:11-cv-447-J-25MCR, 2012 WL 207032, at *2 (M.D.Fla. Jan.24, 2012) (finding that the producing party failed to produce documents as ordinarily kept where it printed documents from its server and scanned them into digital form, rendering non-searchable PDF files) (citing Bray & Gillespie Mgmt. LLC v. Lexington Ins. Co., 259 F.R.D. 568, 585–86 (M.D.Fla. 2009) (holding that documents kept on a computer and gathered electronically by creating files without metadata "for the sole purpose of producing them" is not "ESI as kept in the usual course of business")). Chief Judge Whitney's "Standing Order on Protocol for Discovery of Electronically Stored Information…" Misc. No. 307MC47 ¶11(D) (W.D.N.C. May 14, 2007) mandates that "[i]f a Producing Party produces ESI without some or all of the Meta-Data that was contained in the ESI, the Producing Party should inform all other parties of this fact, in writing, at or before the time of production." The Court has considered each Objection and conducted a de novo review of record, as warranted.

Plaintiffs' first Objection is to Judge Cayer's finding that Plaintiffs did not produce all responsive documents at issue in the Court's August 9, 2018 Order. Plaintiffs contend that none of the documents Plaintiffs were required to produce were withheld, censored, or redacted. The Court, however, finds that Plaintiffs failed to produce <u>all</u> documents <u>as required</u> by this Court's Order. Plaintiffs were ordered to produce all responsive documents in a manner in which they are maintained in the usual course of business or by labeling each document to correspond with the applicable request by August 14, 2018. Plaintiffs' productions via email on August 14, 2018, continued to contain emails in PDF format, which is not how emails are kept in the ordinary course

4

of business. (Doc. No. 30-4); see Bray, 259 F.R.D. at 585-86. Further, Plaintiffs failed to produce the thumb drive, containing the responsive documents, by the Court's August 14, 2018 deadline. (See Doc. No. 30-5). Plaintiffs' first Objection to the M&R is, therefore, overruled.

Plaintiffs' second Objection is to Judge Cayer's finding that Plaintiffs did not produce the documents in the manner in which they are maintained in the usual course of business or by labeling each document to correspond to the applicable request. Plaintiffs contend that they signed statements affirming that the documents electronically transmitted were being produced in the manner in which it was maintained in the regular course of business, and that they labeled which emails were responsive to each request. (See Doc. No. 26-12). However, the Court finds that Plaintiffs' August 14, 2018 production failed to comply with this Court's Order. Plaintiffs' August 14, 2018 production consisted of emails in PDF format, which is not how emails are maintained in the regular course of business. (Doc. No. 30-4); see Bray, 259 F.R.D. at 585-86. Further, Plaintiffs' documents were not labeled to correspond to the respective discovery request. Thus, Plaintiffs' Objection to the M&R is overruled.

B. Sanctions

Under Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure, an award of sanctions is appropriate where a party fails to comply with an order compelling it to answer discovery. Fed. R. Civ. P. 37(b)(2)(A). If a party or a party's officer fails to obey an order to provide or permit discovery, the court where the action is pending may issue further just orders. Id. (emphasis added). However, "instead of or in addition to the orders [enumerated in this section], the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or

other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C) (emphasis added).

Here, the Court finds that Plaintiffs have failed to comply with this Court's discovery Order. On August 9, 2018, this Court granted Defendant's Motion to Compel. Specifically, the Court ordered that (1) Plaintiffs shall produce complete responses without objection to each of these discovery requests; (2) Plaintiffs shall produce all responsive documents in the manner in which they are maintained in the usual course of business or by labeling each document to correspond with the applicable request; if Plaintiffs contend that responsive documents have been so produced, they shall aver their compliance in a verified discovery response; and (3) within five days of this Order, Plaintiffs shall produce all discovery responses. (Doc. No. 17 at 3). However, Plaintiffs have continued to supply emails in PDF form and/or failed to correctly label each document to correspond to the respective discovery request. Thus, the Court finds that there has been a failure to comply. The Court further finds that Plaintiff's failure to comply was not substantially justified because Plaintiffs have been made aware of deficiencies in their discovery production since July of 2018. (See Doc. No. 13-3).

III.   Conclusion

For the foregoing reasons, Plaintiffs' Objections are overruled in part, and the Memorandum and Recommendation (Doc. No. 24) is AFFIRMED.

IT IS THEREFORE ORDERED that Defendant's Motion for Sanctions (Doc. No. 20) is GRANTED. The Court imposes reasonable expenses, including attorney's fees, relating to the Motion to Compel, Motion for Sanctions, and any ongoing attorney fees related to this discovery.

Further, the Court orders Plaintiffs to produce all discovery requests, including attachments, in usable form by the close of business on October 24, 2018.[3]

IT IS SO ORDERED.

Signed: October 22, 2018

Frank D. Whitney
Chief United States District Judge

---

[3] Defendant states that Plaintiffs partially corrected the problem (but only with respect to emails and documents that had not been previously produced in response to Requests for Production nos. 9, 10, 11, 12, 14, 15, 17, 18, 19, and 22) by producing the documents in chronological order but had removed the attachments and placed them in stand-alone zip folders. (Doc. No. 21 at 8). However, as of the date of Defendant's Motion for Sanctions, Defendant contends that Plaintiffs have not corrected the deficiencies with the documents produced prior to August 14, 2018. Id. Further, Defendants state that Plaintiffs' production has not been in a form which is ordinarily maintained or in a reasonably usable form. Id.