IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CIVIL ACTION FILE NO. 3:17-CV-00740-FDW-DSC

| | |
|---|---|
| DAVID A. JOHNSON and ALDA, INC., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| ITALIAN SHOEMAKERS, INC., | ) ) ) |
| Defendant. | ) |

**DEFENDANT'S MOTION FOR SANCTIONS: DISMISSAL**

Defendant, Italian Shoemakers, Inc. ("Defendant"), by and through counsel, moves this Court under Federal Rule of Civil Procedure 37(b) to sanction Plaintiffs and dismiss Plaintiffs' claims. In the alternative, Defendant asks this Court to sanction Plaintiffs' using its inherent power to sanction bad faith behavior and to control the litigation.

1. In January of 2018, the Court entered its Case Management Order ("CMO"). (Doc. No. 7). The CMO provided that the parties were to exchange Rule 26(a)(1) initial disclosures on or before February 5, 2018. (CMO, Doc. No. 7, at *1). The CMO further stated that discovery was to be completed by July 16, 2018. (CMO, Doc. No. 7, at *1).

2. In May 2018, Defendant served Plaintiffs with its First Set of Interrogatories and Requests for Production of Documents ("Requests"). Plaintiffs' responses to Defendant's Requests were due June 30, 2018. (Doc. No. 11-1.)

3. On July 2, 2018, Plaintiffs served their responses to the Requests, but failed to respond to a significant number of the Requests. Plaintiffs responded to several Requests by producing a voluminous number of documents—primarily emails—in PDF format on a thumb drive, without metadata, and which were missing their attachments. Plaintiffs supplied these PDFs to Defendant on a series of four thumb drives, delivered over the course of nearly one month.

4. Discovery closed on July 16, 2018.

5. On August 2, 2018, after conferring with Plaintiffs' counsel and appearing at a telephonic hearing scheduled by Magistrate Judge Cayer, Defendant filed a Motion to Compel (as ordered by Magistrate Judge Cayer), which asked in pertinent part that the Court compel Plaintiffs to produce the emails in native format with metadata and their corresponding attachments. (Doc. No. 11).

6. On August 9, 2018, the Court granted Defendant's Motion to Compel in relevant part. (Doc. No. 17). The Court ordered Plaintiffs to produce complete responses without objection to Interrogatories No. 8, 14, and 15 and Request for Production No. 9, 10, 11, 12, 14, 15, 17, 18, 19, and 22 and that Plaintiffs "produce all responsive documents in the manner in which they are maintained in the normal course of business or by labeling each document to correspond with the applicable request" on or before August 14, 2018. (Doc. No. 17 p. 3).

7. In contravention of the Court's Order, Plaintiffs again produced nearly 7,000 emails in non-native format (*i.e.*, PDF format without metadata). Additionally, Plaintiffs severed each email from any relevant attachments, which

Plaintiffs provided in a separate Zip file.  Plaintiffs also sent three (3) separate productions, purportedly of the same documents, to Defendant on August 14, 2018, none of which were in a reasonably usable manner as required by Rule 34.

8. On August 24, 2018, Defendant filed a Motion for Sanctions under Rule 37(b).  (Doc. No. 20).  Defendant therein asked that this Court sanction Plaintiffs for their failure to comply with the Court's Order granting the Motion to Compel and Judge Whitney's "Standing Order on Protocol for Discovery of Electronically Stored Information …" Misc. No. 307MC47 ¶11(D) (W.D.N.C. March 14, 2007).  Among the sanctions sought by Defendant was dismissal of Plaintiffs' claims and an award of Defendant's reasonable attorney's fees. (Doc. No. 20).

9. On October 23, 2018, in accordance with the Memorandum and Recommendation entered by Magistrate Judge Cayer (Doc. No. 24), the Court granted Defendant's Motion for Sanctions in part, by ordering that Plaintiffs to produce the emails, "including attachments, **in usable form** by the close of business on October 24, 2018." (Doc. No. 33, p. 6-7 (emphasis added)).  The Court also awarded Defendant its reasonable attorneys' fees incurred in connection with the Motion to Compel, Motion for Sanctions and ongoing attorney fees related to this discovery.  (Doc. No. 33).

10. On October 24, 2018, Plaintiffs again produced the disputed emails in non-native format, but this time in paper copy.

   a. Plaintiffs' counsel emailed the undersigned attorney a document labeled "Plaintiffs' Supplemental Responses To Defendant's First

Requests for Production of Documents and Order of the Court" ("Supplement") and indicated therein that, because Plaintiffs utilize Gmail and not a Microsoft-Outlook-based email program, Plaintiffs are unable to produce emails in native format. A copy of the transmittal email and Supplement are attached hereto and incorporated herein as Exhibit 1.

   b. Plaintiffs then delivered to the office of the undersigned four (4) banker's boxes of paper documents. These boxes represent approximately 7,000 emails (according to Plaintiffs' counsel's estimate), spanning more than 10,000 pages.

11. The documents delivered by Plaintiffs on the afternoon of October 24, 2018, were disorganized. The Bates numbering was non-sequential. Many documents were not numbered at all. Emails were separated from their attachments. Spreadsheets were printed front and back, with columns and words cut-off.

12. Following an initial review of Plaintiffs' October 24, 2018 production, the undersigned counsel communicated with Plaintiffs' counsel, asking again that Plaintiffs produce the emails in native format by October 25, 2018, at 12:00 p.m. and even went so far as to specify the file extension that was needed for such production, despite the fact that Plaintiffs had failed to meet the Court's deadline. The undersigned also detailed other issues with the production. A copy of this correspondence and its attachment are attached as Exhibits 2 and 3.

13. Plaintiffs' counsel responded to the undersigned's October 24, 2018 email by leaving a voicemail message with the undersigned at 10:46 a.m. on October 25, 2016, which was followed by an email at 10:52 a.m. A copy of Plaintiffs' counsel's email response is attached as Exhibit 4. In both the voicemail and email, Plaintiffs' counsel acknowledged that 10% of the production (1,000+) was out of order, stated for the first time that the production included documents **that had not previously been produced in discovery** (although there is no indication in the massive production which documents have never been previously produced), and asserted that he had been told by the Court that a hard copy production was permitted. Plaintiffs' counsel also communicated that an "IT Professional" was going to come help provide an electronic copy of the documents at some indeterminate time.

14. Thereafter, at 1:39 p.m. on October 25, 2018, Plaintiffs' counsel emailed the undersigned, acknowledging, for the first time, that Plaintiffs' emails within a "gmail" account are, in fact, capable of being produced in native format with searchable and sortable metadata, but that it would take "hours, even a day or more for the process to complete." A copy of this correspondence is attached as Exhibit 5. As such, Plaintiffs' counsel provided Plaintiffs' gmail login credentials and informed the undersigned that she would have "access to all of [Plaintiffs'] emails, including his correspondence with me [*i.e.*, his attorney]." However, Defendant's counsel has been unable to access the accounts because of Gmail's security features that require a security code that is only known by or sent to the

5

owner of the account (*i.e.*, Plaintiffs). Even if Defendant could access the accounts, Defendant objects to Plaintiffs' tactics, especially so late in the process. Defendant would be forced to sort through presumably thousands of emails, many of which are irrelevant to this case or protected by the attorney-client privilege (which presumably was waived by Plaintiffs granting Defendant access to their email accounts)[1], to possibly locate documents that are responsive. Essentially, Plaintiffs attempted to shift their burden of production to Defendant four months after the discovery at issue should have been completed and less than two weeks before trial. Defendant would have to incur an unfathomable amount of time and expense to even locate the documents previously produced. This unfettered access to Plaintiffs' gmail accounts at the eleventh hour is untimely, improper, not in compliance with the Court's Orders or the Federal Rules of Civil Prejudice, and creates insurmountable prejudice to Defendant.

15. Trial is 11 days hence and Plaintiffs, just yesterday, served additional documents responsive to discovery requests that have been pending since May of 2018. Additionally, they buried these newly discovered documents in a massive document dump that is unusable by the undersigned.

16. In the meantime, and as more fully described in an additional Motion to Exclude Witnesses and For Sanctions filed earlier today (Doc Nos. 35 & 36),

---

[1] Plaintiffs' counsel sent another email to Defendant's counsel at 3:58 p.m. on October 25, 2018, indicating he wished to clarify his earlier email, that he was placing Defendant on notice that it would have access to privileged information, and asking that Defendant and the undersigned not read or copy any communications between Plaintiffs and their counsel. In full transparency to the Court, a copy of this correspondence is attached as Exhibit 6.

Plaintiffs also belatedly disclosed three "Rebuttal Witnesses." Plaintiffs intend to offer the Rebuttal Witnesses to undermine Defendant's defense at trial. Despite that fact, Plaintiffs never disclosed the Rebuttal Witnesses during discovery.

17. Plaintiffs' conduct as described above constitutes bad faith and merits the imposition of the ultimate sanction of dismissal with prejudice under Federal Rule of Civil Procedure 37(b). Plaintiffs have steadfastly failed and refused to comply with this Court's Orders directing Plaintiffs to produce their emails in native format or other reasonably usable form as required by Rule 34 and Chief Judge Whitney's "Standing Order on Protocol for Discovery of Electronically Stored Information . . ." Misc. No. 307MC47 ¶11(D) (W.D.N.C. May 14, 2007).

18. Plaintiffs conduct as described above merits dismissal with prejudice under the Court's inherent power to control the parties before it. Plaintiffs have steadfastly refused to comply with this Court's Order directing Plaintiffs to produce their emails in native format. In addition, when coupled with the tardy disclosure of the Rebuttal Witnesses as detailed in (Doc. No. 35 and 36) it is apparent that Plaintiffs conduct constitutes a blatant attempt to conduct trial by ambush, which the Court should not permit.

19. As required by Local Rule 7.1(c), Defendant submits herewith a Memorandum of Law in further support of this Motion.

WHEREFORE, Defendant requests the Court sanction Plaintiffs for their failure to comply with the Court's Order, including but not limited to, dismissing this action WITH PREJUDICE pursuant to either Federal Rule of Civil

Procedure 37(b)(2)(A)(v) or its inherent power, impose other appropriate sanctions against Plaintiffs, including awarding Defendant its reasonable attorneys' fees, and award Defendant such other relief as the Court deems just and proper.

Furthermore, Defendant requests that Plaintiffs, their witnesses, and their counsel, not reference or allude to the fact that this Motion has been filed, argued, or ruled upon by the Court and that counsel be instructed to warn and caution each and every witness appearing to testify to strictly comply with the ruling of this Court.

Respectfully submitted, this the 25th day of October, 2018.

*s/ Hayley R. Wells*
Hayley R. Wells
N.C. State Bar I.D. No.: 38465
email: hrw@wardandsmith.com
Devon D. Williams
N.C. State Bar I.D. No.: 44914
email: ddwilliams@wardandsmith.com
For the firm of
Ward and Smith, P.A.
Post Office Box 2020
Asheville, NC 28802-2020
Telephone: 828.348.6070
Facsimile: 828.348.6070
Attorneys for Defendant Italian Shoemakers, Inc.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day electronically filed the foregoing DEFENDANT'S MOTION FOR SANCTIONS: DISMISSAL with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

William L. Sitton, Jr., Esq.

This the 25th day of October, 2018.

*s/ Hayley R. Wells*
Hayley R. Wells
N.C. State Bar I.D. No.: 38465
email: hrw@wardandsmith.com
For the firm of
Ward and Smith, P.A.
Post Office Box 2020
Asheville, NC 28802-2020
Telephone: 828.348.6070
Facsimile: 828.348.6070
Attorneys for Defendant Italian Shoemakers, Inc.

ND: 4828-4268-1721, v. 3