UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cv-00740-FDW-DSC

| | |
|---|---|
| DAVID A. JOHNSON and ALDA, INC., ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> ITALIAN SHOEMAKERS, INC., ) <br> ) <br> Defendant. ) <br> ) | ORDER |

THIS MATTER is before the Court on Defendant Italian Shoemakers, Inc.'s ("Defendant") Motion for Sanctions (Doc. No. 20) and amended Notice of Filing of Accounting (Doc. No. 77). For the reasons stated below, the Court awards $34,789.90 in attorney's fees.

## I. BACKGROUND

On August 2, 2018, Defendant filed a Motion to Compel. (Doc. No. 11). Magistrate Judge David Cayer entered an Order on August 9, 2018, granting in part and denying in part Defendant's motion. (Doc. No. 17). Defendant filed a Motion for Sanctions on August 24, 2018. (Doc. No. 20). On September 10, 2018, Judge Cayer entered a Memorandum and Recommendation granting Defendant's Motion for Sanctions. (Doc. No. 24). On September 23, 2018, this Court entered an Order granting Defendant's Motion for Sanctions and imposing the sanction of attorney's fees related to the Motion to Compel, Motion for Sanctions, and any ongoing attorney's fees related to this discovery. (Doc. No. 33). Defendant submitted a Notice of Filing of Accounting (Doc. No. 74). The Court held an evidentiary hearing on attorney's fees related to the Motion for Sanctions on October 31, 2018. Defendant filed an amended Notice of Filing of Accounting (Doc. No. 77), consistent with this Court's oral Order on October 31, 2018. On November 7, 2018, the Court

1

ordered Defendant to submit its unredacted invoices, consistent with the Court's oral October 31, 2018 Order for in camera review. (Doc. No. 79). Defendant's counsel submitted unredacted invoices on November 9, 2018 for the Court's inspection.

## II. ANALYSIS

Where a party is sanctioned for failing to comply with a court order related to discovery, "the court must order the disobedient party, the attorney, advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(A), (C). "In calculating an award of attorney's fees, a court must first determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." Robinson v. Equifax Info. Servs., LLC, 560 F.3d 235, 243 (4th Cir. 2009). The burden falls on the petitioning party to demonstrate the reasonableness of both the rates and time charged. McAfee v. Boczar, 738 F.3d 81, 91 (4th Cir. 2013) (citing Plyler v. Evatt, 902 F.2d 273, 277 (4th Cir. 1990). Based on its own familiarity with the case and its experience generally, as well as the evidentiary submissions and arguments of the parties, the Court finds that the rates are reasonable.[1] At issue for the Court, and disputed by Plaintiffs and Plaintiffs' counsel, is whether the hours expended were reasonable.

Regarding reasonable hours, "a fee claimant should set out with some specificity the different tasks performed and the hours allotted to each task[,]" Swann v. City of Goldsboro, 137 F.R.D. 230, 231 (E.D.N.C. 1990); see also Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) ("The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed."), and "exercise billing judgment to excise from its claim time not properly shown to

---

[1] The Court also notes that the Parties do not dispute that the rates provided by Defendant's counsel were reasonable.

have been incurred in pursuit of the matter at issue or that is otherwise not reasonable in amount or not necessarily incurred[,]" SunTrust Mortg., Inc. v. AIG United Guar. Corp., 933 F.Supp.2d 762, 774 (E.D. Va. March 7, 2013) (citing Hensley, 461 U.S. at 433-34). However, while the petitioning party must present evidence that the fees are reasonable, "it remains for the district court to determine what fee is 'reasonable.'" Hensley, 461 U.S. at 433.

Defendant has requested a total fee award of $38,021.75. (Doc. No. 77-2 at 4). That sum reflects the expenses incurred as a result of Plaintiffs' failure comply and relate to the drafting of the Motion to Compel, Motion for Sanctions, as well as the Memoranda of Law and Proposed Orders associated with such Motions; reviewing discovery responses and productions in preparation of submitting the Motion to Compel and Motion for Sanctions; and reviewing and responding to additional motions and submissions filed by Plaintiffs related to the Memorandum and Recommendation. The Court has reviewed Defendant's Notice of Filing of Accounting, detailing the tasks performed and attesting to the reasonableness of the fees, and the unredacted invoices submitted for in camera review, and has considered the arguments of the parties. The Court finds that while Defendant's counsel properly set out with specificity the tasks performed and hours allotted, and exercised billing judgment as applied to the entire bill, Defendant's counsel did not apply that discount to its fee request submitted to the Court.[2] Accordingly, the Court applies a comparable discount to the fees and expenses requested and finds that an award of $34,789.90 in fees and expenses is reasonable under Fed. R. Civ. P. 37 given the circumstances of the discovery dispute in this case.

---

[2] The Court finds that the discount applied to Defendant's overall bill was approximately 8.5% of the total expenses and fees incurred. While Defendant's counsel properly discounted fees and hours incurred based on unrelated tasks in the fee request (see Doc. No. 77-1 at 5), Defendant's fee request does not appear to reflect the discount applied to Defendant's overall bill. The Court thus applies an 8.5% discount to the fees requested.

3

III. CONCLUSION

Thus, Plaintiffs and Plaintiffs' counsel are jointly and severally liable for $34,789.90 in attorney's fees and expenses and are hereby ordered to pay the awarded attorney's fees and expenses to Defendant within thirty (30) days of this Order.

IT IS SO ORDERED.

Signed: November 14, 2018

Frank D. Whitney
Chief United States District Judge